24-31-cr
United States v. Batiste

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of February, two thousand twenty-five.

PRESENT: ROBERT D. SACK,
GERARD E. LYNCH,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*.

-------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                          No. 24-31-cr

CALVIN ROBERSON, AKA CUTTY, SHAMARI SMITH, AKA DAKOTA,

*Defendants*,

BRANDON BATISTE, AKA B.,

*Defendant-Appellant*.

-------------------------------------------------------------------

FOR APPELLEE: ANGEL M. KRULL, Assistant United States Attorney (Conor M. Reardon, Assistant United States Attorney, *on the brief*), *for* Marc H. Silverman, Acting United States Attorney for the District of Connecticut, New Haven, CT

FOR APPELLANT: JEREMY GUTMAN, New York, NY

Appeal from a judgment of the United States District Court for the District of Connecticut (Omar A. Williams, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Brandon Batiste appeals from a December 26, 2023 judgment of conviction of the United States District Court for the District of Connecticut (Williams, *J.*) entered after a guilty plea to one count of conspiracy to commit kidnapping in violation of 18 U.S.C. § 1201(c) and one count of firearm-related murder in violation of 18 U.S.C. § 924(j)(1) and (2). Batiste was sentenced principally to forty-two years' imprisonment followed by a five-year term of supervised release with a number of special conditions. He was also ordered to pay restitution in the amount of $7,922.59. On appeal, Batiste challenges four of the imposed

2

conditions of supervised release as procedurally unreasonable.[1]   We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

With respect to all the challenged conditions, Batiste had notice of the mandatory and special conditions that could be imposed and failed to object to any of them at sentencing.   Accordingly, we review for plain error.   *See United States v. Green*, 618 F.3d 120, 122 (2d Cir. 2010).

Batiste first contends that the District Court erred by failing to orally pronounce Mandatory Condition Four, which requires that he pay restitution. He argues that the District Court's statement at sentencing that it would "read out loud the conditions of supervised release," App'x 204, suggested that it had orally pronounced all of the conditions that it intended to impose.   But sentencing courts are not required to orally pronounce conditions of supervised release that are mandatory under 18 U.S.C. § 3583(d) and U.S.S.G. § 5D1.3(a). *United States v. Thomas*, 299 F.3d 150, 153 (2d Cir. 2002).

---

[1]  In his opening brief, Batiste also challenges Mandatory Condition Three (requiring drug testing) but appears to abandon this challenge in his reply brief.   In any case, his challenge to this condition is meritless because there is "no real inconsistency" between the oral sentence and written judgment.   *United States v. Truscello*, 168 F.3d 61, 63 (2d Cir. 1999).

Batiste next challenges Special Condition One, which requires that he complete any mental health "treatment program recommended by Probation and approved by the court." App'x 209. Batiste argues that the District Court failed to make an individualized assessment or to justify the condition on the record before imposing it. We disagree. The Sentencing Guidelines recommend participation in a mental health program "[i]f the court has reason to believe that the defendant is in need of psychological or psychiatric treatment." U.S.S.G. § 5D1.3(d)(5). Based on Batiste's own representations that he "would like to continue receiving mental health treatment," Gov't App'x 6, for "emotional and psychological trauma" that had been "left untreated," *id.* at 9, the District Court had reason to believe Batiste was in need of mental health treatment. Special Condition One was therefore "presumed suitable," *United States v. Sims*, 92 F.4th 115, 119 n.1 (2d Cir. 2024) (quotation marks omitted), thus relieving the District Court of the obligation to state its reasons for imposing the condition on the record.[2]

---

[2] Batiste argues in his reply brief that the requirement to "take [any medication] as prescribed," App'x 209, exceeds the mental health treatment recommended by § 5D1.3(d) and should therefore be treated like a discretionary special condition. Because this argument was raised, if at all, in "only a single conclusory sentence" in

Batiste also raises a similar challenge to Special Condition Two, which requires that he complete a substance abuse evaluation and any treatment or counseling "that is recommended by Probation and approved by the Court." App'x 209. The Sentencing Guidelines recommend participation in substance abuse treatment "[if] the court has reason to believe that the defendant is an abuser of narcotics." U.S.S.G. § 5D1.3(d)(4). The District Court undoubtedly had "reason to believe" that Batiste abused narcotics based on his self-reported history of drug use. The requirement that Batiste participate in substance abuse treatment is therefore also "presumed suitable." *Sims*, 92 F.4th at 119 n.1 (quotation marks omitted).[3]

Finally, Batiste challenges Special Condition Three, which requires that he

---

Batiste's opening brief, we consider it abandoned. *Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005). In any event, the issue will only arise if, after Batiste's release from prison many years from now, a doctor prescribes some medication that Batiste objects to taking. That eventuality may never occur, and if it does, Batiste will have every right to present his objection to the court.

[3] Batiste separately argues that the District Court erred by failing to specify whether substance abuse treatment must be "in-patient or out-patient." App'x 209. But because the District Court specified that it must approve the Probation Office's recommended treatment plan, it did not impermissibly delegate sentencing authority to the Probation Office. *Cf. United States v. Matta*, 777 F.3d 116, 121–23 (2d Cir. 2015). We assume that any treatment that the District Court approves will be tailored to Batiste's characteristics and involve no greater deprivation of liberty than is necessary.

submit to searches conducted by a Probation Officer "at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband, or of evidence of a violation of a condition of release." App'x 210. Batiste argues that the District Court failed to make an on-the-record individualized assessment justifying this condition. We will not disturb the imposition of a condition the justification for which is, as here, "self-evident in the record." *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018) (quotation marks omitted). At sentencing, the District Court emphasized, among other factors, that Batiste's criminal conduct was premeditated and involved considerable effort to avoid detection. Batiste also had a criminal history of using firearms and possessing narcotics. Under these circumstances, we affirm the District Court's imposition of Special Condition Three. *See United States v. Oliveras*, 96 F.4th 298, 313–14 (2d Cir. 2024).

## CONCLUSION

We have considered Batiste's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6